The declaration states a note signed by the defendant for such a sum on such a day, and the fault admits it; in the case of the policy the damages are totally uncertain till the jury have assessed them; in the case of the note the damages to the amount specified in the note are certain, but capable to be increased by taking the interest into consideration if the jury think proper to allow it, or to be lessened by the proof of payments. But the principal objection which lies against the testimony offered is this. When a default takes place and an inquiry is to be executed as to the damages, everything material to the support of the action is admitted by the defendant. The quantum of damages is the only thing in question, and the plaintiff comes prepared as to that point only, he has no notice that any of these (36) facts are to be proven which show that the note is not a good one in law, as that it was without consideration, or upon an illegal one, and therefore he must necessarily be taken by surprise were such evidence suffered to be introduced. If the defendant meant to avail himself of such testimony he should have pleaded the general issue or some other plea which would have given notice to the adverse party that these facts were intended to be proved on the trial. 1 Str., 612; East India Co. v.Glover.
The evidence was rejected and the jury assessed damages to the amount of the note, and the plaintiff had judgment.
Mr. Taylor immediately moved the Court for a new trial, but the Court refused to make a rule to show cause why there should not be a new trial unless he could show a probability that the decision was wrong. Rules are not to be granted unless the Court be first satisfied that justice probably requires them.
NOTE. — See Templeton v. Pearse, post, 339. *Page 56